MORGAN, LEWIS & BOCKIUS LLP
Brian M. Hom, Bar No. 240055
brian.hom@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:  +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
J. Kevin Fee, *pro hac vice*
kevin.fee@morganlewis.com
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Tel:  +1.202.739.3000
Fax: +1.202.739.3001

MORGAN, LEWIS & BOCKIUS LLP
Kathryn A. Feiereisel, *pro hac vice*
katie.feiereisel@morganlewis.com
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601-5094
Tel:  +1.312.324.1000
Fax: +1.312.324.1001

Attorneys for Defendant,
ETC Global Holdings, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| INTELICLEAR, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ETC GLOBAL HOLDINGS, INC.,<br><br>Defendant. | Case No. 2:18-cv-10342-RGK-SK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ETC GLOBAL HOLDINGS, INC.'S RULE 12(b)(6) MOTION TO DISMISS**<br><br>Date:   April 1, 2019<br>Time:   9:00 a.m.<br>Judge:  Hon. R. Gary Klausner<br>Ctrm:   850 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................... 1

II. FACTUAL BACKGROUND .......................................................................... 1

III. LEGAL STANDARD ...................................................................................... 3

IV. ARGUMENT ................................................................................................... 3

    A. InteliClear Fails To State A Claim For Trade Secret Misappropriation ...................................................................................... 3

        1. InteliClear Has Not Identified Its Alleged Trade Secrets with Sufficient Particularity ............................................................ 4

        2. No Specified "Feature" of the InteliClear System Qualifies for Trade Secret Protection ........................................ 6

    B. InteliClear's Unfair Competition Claim Is Preempted by the CUTSA .................................................................................................. 8

    C. Amendment Is Futile ............................................................................. 10

V. CONCLUSION .............................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Agency Solutions.com, LLC v. TriZetto Grp., Inc.*,
  819 F. Supp. 2d 1001 (E.D. Cal. 2011) .............................................................. 6, 7

*Alta Devices, Inc. v. LG Elecs., Inc.*,
  343 F. Supp. 3d 868, 888 (N.D. Cal. 2018) .......................................................... 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................. 3

*BladeRoom Grp. Ltd. v. Facebook, Inc.*,
  No. 5:15-cv-01370-EJD, 2015 U.S. Dist. LEXIS 164602 (N.D. Cal.
  Dec. 7, 2015) ........................................................................................................ 4

*Cytodyn, Inc. v. Amerimmune Pharm., Inc.*,
  72 Cal. Rptr. 3d 600 (Cal. Ct. App. 2008) ........................................................... 3

*Deerpoint Grp., Inc. v. Agrigenix, LLC*,
  No. 1:18-CV-0536 AWI BAM, 2018 U.S. Dist. LEXIS 205322
  (E.D. Cal. Dec. 4, 2018) ................................................................................. 8, 10

*Diodes, Inc. v. Franzen*,
  260 Cal. App. 2d 244, 67 Cal. Rptr. 198 (1962) .................................................. 5

*Emazing Lights LLC v. De Oca*,
  2016 U.S. Dist. LEXIS 92677 (C.D. Cal. Jan. 7, 2016) ....................................... 4

*Garmon v. Cty. of L.A.*,
  828 F.3d 837 (9th Cir. 2016) .............................................................................. 10

*Geodata Sys. Mgmt. v. Am. Pac. Plastic Fabricators, Inc.*,
  No. CV 15-04125 MMM, 2015 U.S. Dist. LEXIS 193679 (C.D.
  Cal. Sep. 21, 2015) ............................................................................................... 4

*Imperial Irrigation Dist. v. Cal. Indep. Sys. Operator Corp.*,
  No. 15-CV-1576, 2016 U.S. Dist. LEXIS 101258 (S.D. Cal.
  Aug. 1, 2016) ........................................................................................................ 9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

MPA ISO MOTION TO DISMISS
CASE NO. 2:18-CV-10342-RGK-SK

# **TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Kwikset Corp. v. Superior Court*,
    120 Cal. Rptr. 3d 741 (Cal. Ct. App. 2011) ........................................................... 8

*Nelson Bros. Prof'l Real Estate LLC v. Jaussi*,
    No. 17-cv-0158, 2017 U.S. Dist. LEXIS 219769 (C.D. Cal.
    Mar. 23, 2017) ....................................................................................................... 3

*Silvaco Data Sys. v. Intel Corp.*,
    109 Cal. Rptr. 3d 27 (Cal. Ct. App. 2010) ............................................................. 8

*Space Data Corp. v. X*, No. 16-cv-03260-BLF, 2017 U.S. Dist. LEXIS
    22571 (N.D. Cal. Feb. 16, 2017) ........................................................................... 4

*SunPower Corp. v. SolarCity Corp.*,
    No. 12-CV-00694-LHK, 2012 U.S. Dist. LEXIS 176284 (N.D. Cal.
    Dec. 11, 2012) ....................................................................................................... 8

*Teradata Corp. v. SAP SE*,
    No. 18-cv-03670-WHO, 2018 U.S. Dist. LEXIS 209872 (N.D. Cal.
    Dec. 12, 2018) ....................................................................................................... 5

*Top Agent Network, Inc. v. Zillow, Inc.*,
    No. 14-cv-04769-RS, 2015 U.S. Dist. LEXIS 176837 (N.D. Cal.
    Aug. 6, 2015) ..................................................................................................... 4, 6

*Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.*,
    178 F. Supp. 2d 1099 (C.D. Cal. 2001) ................................................................. 9

*Waymo, LLC v. Uber Techs., Inc.*,
    256 F. Supp. 3d 1059, 1062 (N.D. Cal. 2017) ....................................................... 8

**STATUTES**

18 U.S.C. § 1836(b)(1) ................................................................................................. 3

18 U.S.C. § 1839(3) ...................................................................................................... 6

Cal. Bus. & Prof. Code §§ 17200 *et seq.* ...................................................... 1, 8, 9, 10

Cal. Civ. Code § 3426.1(d) ........................................................................................... 6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

MPA ISO MOTION TO DISMISS
CASE NO. 2:18-CV-10342-RGK-SK

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

Cal. Civ. Code § 3426.7 ................................................................................................ 8

California Uniform Trade Secrets Act ................................................................... passim

Defend Trade Secrets Act ..................................................................................... 3, 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 ..................................................................................................... 1, 4

Fed. R. Civ. P. 12(b)(6) ........................................................................................ passim

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

MPA ISO MOTION TO DISMISS
CASE NO. 2:18-CV-10342-RGK-SK

## I. INTRODUCTION

This action began when a longstanding business relationship ended. For years, ETC Global Holdings, Inc. ("ETC") licensed from InteliClear, LLC ("InteliClear") software for recording, processing, clearing, and settling securities transactions. Eventually, ETC created its own software to perform these functions and lawfully terminated the parties' license agreement. Angry at the loss of ETC's business, and without any valid copyrights or patents in the materials InteliClear alleges ETC copied, InteliClear manufactured claims for trade secret misappropriation and unfair competition.

InteliClear's Complaint fails to state a claim upon which relief can be granted. InteliClear has not identified its alleged trade secrets in the so-called "InteliClear System" with even the marginal specificity demanded by Federal Rule of Civil Procedure 8. And in any event, none of the InteliClear System's purportedly "unique features" qualify as trade secrets under federal or California law.

InteliClear's claim under California's Unfair Competition Law ("UCL") fares no better. The factual allegations underlying InteliClear's UCL and trade secret claims are identical, and the California Uniform Trade Secret Act provides the exclusive civil remedy for conduct falling within its terms. InteliClear's UCL claim is thus preempted and must be dismissed.

Nothing InteliClear can allege will change these facts. The Court should dismiss InteliClear's Complaint in its entirety and without leave to amend under Rule 12(b)(6).

## II. FACTUAL BACKGROUND

In the Complaint, InteliClear alleges that ETC is a broker-dealer of securities registered with the Financial Industry Regulatory Authority and the United States Securities and Exchange Commission. (ECF No. 1 ¶ 9.)[1] In 2008, ETC's

---

[1] ETC assumes the truth of the factual allegations of InteliClear's Complaint, as is required on a Rule 12(b)(6) motion to dismiss. However, ETC disagrees with many of InteliClear's allegations, and it expressly reserves all rights and defenses.

predecessor licensed from InteliClear an electronic system for recording, processing, clearing, and settling securities transactions (the "InteliClear System"), and the license was assigned and delegated to ETC in 2012. (*Id.* at ¶¶ 8–9.)

Numerous companies offer products that perform the same functions as the InteliClear System. (*Id.* at ¶ 12.) These functions include tracking industry standard information concerning securities transactions such as the customer; the date, time, and stock traded; the number of shares traded and the dollar value of those shares; profits, losses, and fees associated with each trade, etcetera. (*Id.* at ¶ 11.) Like other software programs that track such information (indeed, like all other programs that employ SQL programming language), the InteliClear System organizes data into tables comprised of various fields. (*See id.* at ¶ 25.) To combine data from multiple tables, InteliClear employs a method of "joining" data that uses a combination of fields. (*See id.* at ¶ 24.) Notably, InteliClear does not (and cannot) allege that the method of "joining" that it employs in the InteliClear System is secret. In fact, InteliClear admits that this method is not secret when it alleges that this method is "not the mainstream method that would most often be used in creating a system" for tracking data. (*Id.*)

In November 2017, ETC terminated the agreement under which it licensed the InteliClear System in favor of an ETC-engineered program. (*Id.* at ¶ 13.) The parties cooperated during a contractually obligated transition period. (*Id.* at ¶ 18.) Then, two months after the license agreement terminated, InteliClear accused ETC of unspecified intellectual property theft. (*Id.* at ¶ 20.) Having nothing to hide, ETC permitted InteliClear's consultant Capsicum Group, LLC ("Capsicum") to examine its new software. (*Id.* at ¶ 21.) Capsicum concluded that ETC built its software using InteliClear's "IP" because (1) ETC and InteliClear use the same (well-known and oft debated) join method; (2) ETC's and InteliClear's tables contain certain unidentified common field names and business definitions; and (3) the terms "IC" and "ICDB" appear in table tiles in ETC's program. (*Id.* at

¶¶ 23–25.) This lawsuit for trade secret misappropriation and unfair competition ensued.

## III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "'a complaint must allege sufficient factual matter, accepted as true, to state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. A pleading that contains mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

## IV. ARGUMENT

### A. InteliClear Fails To State A Claim For Trade Secret Misappropriation.

To state a claim for trade secret misappropriation under the Defend Trade Secrets Act ("DTSA"), InteliClear must allege that it owns a valid trade secret related to a product used in, or intended for use in, interstate or foreign commerce, and that ETC has misappropriated that trade secret. *See* 18 U.S.C. § 1836(b)(1). Similarly, under the California Uniform Trade Secrets Act ("CUTSA"), InteliClear must plead (1) that it owns a valid trade secret; (2) that ETC acquired, disclosed, or used that trade secret through improper means; and (3) that ETC's actions damaged InteliClear. *See Cytodyn, Inc. v. Amerimmune Pharm., Inc.*, 72 Cal. Rptr. 3d 600, 607 (Cal. Ct. App. 2008).[2]

---

[2] Courts in this District address "federal and state law trade secrets claims together as the analysis under either law is similar." *Nelson Bros. Prof'l Real Estate LLC v. Jaussi*, No. 17-cv-0158, 2017 U.S. Dist. LEXIS 219769, at *10–11 (C.D. Cal. Mar. 23, 2017).

InteliClear's Complaint fails to state a claim upon which relief can be granted. InteliClear has not identified its alleged trade secrets in the InteliClear System with the specificity demanded by Federal Rule of Civil Procedure 8. And InteliClear failed to plausibly allege that any of the purportedly "unique features" of the InteliClear System qualify as trade secrets under federal or California law. Accordingly, the Court should dismiss InteliClear's Complaint pursuant to Rule 12(b)(6).

### 1. InteliClear Has Not Identified Its Alleged Trade Secrets with Sufficient Particularity.

To state a claim for trade secret misappropriation, a plaintiff must describe its alleged trade secret "with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." *Geodata Sys. Mgmt. v. Am. Pac. Plastic Fabricators, Inc.*, No. CV 15-04125 MMM (JEMx), 2015 U.S. Dist. LEXIS 193679, at *29–30 (C.D. Cal. Sep. 21, 2015) (citations omitted); *see also Top Agent Network, Inc. v. Zillow, Inc.*, No. 14-cv-04769-RS, 2015 U.S. Dist. LEXIS 176837, at *6 (N.D. Cal. Aug. 6, 2015) ("Rule 8 demands that CUTSA claims itemize information claimed as trade secrets with reasonable particularity."). A trade secret plaintiff must make this "imperative" identification "*before* a defendant is compelled to respond to a complaint upon claimed misappropriation or misuse of a trade secret and to embark on discovery which may be both prolonged and expensive." *Id.* (emphasis added).

Courts routinely dismiss misappropriation claims for failure to identify trade secrets with sufficient particularity. *See, e.g.*, *Emazing Lights LLC v. De Oca*, 2016 U.S. Dist. LEXIS 92677, *5–6 (C.D. Cal. Jan. 7, 2016); *Space Data Corp. v. X*, No. 16-cv-03260-BLF, 2017 U.S. Dist. LEXIS 22571, at *4–5 (N.D. Cal. Feb. 16, 2017); *BladeRoom Grp. Ltd. v. Facebook, Inc.*, No. 5:15-cv-01370-EJD, 2015 U.S. Dist. LEXIS 164602, at *9 (N.D. Cal. Dec. 7, 2015) (dismissing claim because

"[t]he allegations identifying the purported trade secret are vague and conclusory, and consist of a generic list of categories of various types of information."). In *Teradata Corp. v. SAP SE*, No. 18-cv-03670-WHO, 2018 U.S. Dist. LEXIS 209872, at *10–11 (N.D. Cal. Dec. 12, 2018), for instance, a trade secret plaintiff claimed ownership over "the design and optimization" of its massive parallel processing systems and "the execution of analytical queries in such systems." These alleged trade secrets reportedly enabled the defendant to "optimize the processing of certain Open SQL queries for large volumes of data, enabling improved performance speed and opportunities for parallel processing and other enhancements." *Id.* The *Teradata* Court dismissed the complaint because it lacked:

> "allegations suggesting what the proprietary information regarding optimization was, or how or why it is proprietary besides simply being labeled a trade secret by Teradata in its first amended complaint . . . . More particularity is needed to separate Teradata's alleged trade secret information on design and optimization from other information that is "general knowledge in the trade or of special knowledge of those persons who are skilled in the trade."

*Id.* at *12–13 (quoting *Diodes*, 67 Cal. Rptr. at 24).

InteliClear's Complaint suffers the same flaw. InteliClear claims to own trade secrets in the "InteliClear System," comprising the system's "unique design and concepts and the unique software, processes, programs, tools, techniques, tables, fields, functionality, and logic by which the [] system's components interrelate and process data." (ECF No. 1 ¶¶ 12, 31, 41.) InteliClear has pleaded no factual matter to plausibly allege that these sweeping categories of so-called secrets are distinguishable from matters of general knowledge or special knowledge

of SQL programming language.  And ETC cannot possibly ascertain the scope of InteliClear's alleged trade secrets from this generic list of categories of information.[3]  As a result, InteliClear failed to identify its so-called trade secrets with sufficient particularity, and the Court should dismiss InteliClear's DTSA and CUTSA claims under Rule 12(b)(6).

### 2. No Specified "Feature" of the InteliClear System Qualifies for Trade Secret Protection.

In addition to the alleged trade secrets discussed above, InteliClear describes certain SQL logic, field names, and table names that ETC allegedly copied.  (*See* ECF No. 1 ¶¶ 23–25.)  However, InteliClear does not expressly allege—and, as a matter of law, cannot plausibly allege—that these "features" of its system are trade secrets.

The DTSA and the CUTSA define a trade secret as information that (1) derives its economic value from not being generally known or readily ascertainable by proper means, and (2) is subject to reasonable measures of secrecy by its owner.  *See* 18 U.S.C. § 1839(3); Cal. Civ. Code § 3426.1(d).  It is well-established that "background information comprising, for example, the features and functions, the business requirements and the high level design specifications that are incorporated into software and are evident in the operation of the software are not trade secrets." *Agency Solutions.com, LLC v. TriZetto Grp., Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011); *see also Top Agent*, 2015 U.S. Dist. LEXIS 161556, at *13 (dismissing CUTSA claim where the plaintiff did "not clearly demonstrate that all of the content Zillow allegedly misappropriated is 'information' protectable under CUTSA, as opposed to non-protectable . . . features and functions of design and operation.").

---

[3] If the allegedly "unique features" of the InteliClear System identified elsewhere in the Complaint (*see id.* at ¶¶ 23–25) are intended to serve as specific examples of InteliClear's alleged trade secrets, such "features" are not trade secrets as a matter of law (*see* Section B, *infra*).

As to *the logic by which the InteliClear System performs joins*—namely, use of a combination of fields—InteliClear admits that this logic is not secret at all. Instead, this method of performing joins is "not the mainstream method that would most often be used in creating a system in recent years." (ECF No. 1 ¶ 24.) A method that is known to be outside the mainstream is, at bottom, known. The logic by which the InteliClear System performs joins is thus not a trade secret as a matter of law.

*Field names* residing in the InteliClear System are similarly unprotectable. InteliClear alleges that certain tables in ETC's software contain "nearly identical field names" and "field names that appear to have the same business definitions" as those present in the InteliClear System. (*Id.* at ¶ 23.) Tellingly, InteliClear has not identified any field name it alleges ETC copied. This is probably because the field names and definitions at issue merely reflect the business requirements of software used for recording, processing, clearing and settling of securities transactions. *See Agency Solutions.com.*, 819 F. Supp. 2d at 1017. Such software will inevitably include countless obvious field names relating to these functions—firstname, lastname to identify a customer, for instance. InteliClear cannot plausibly allege that such field names are secret; they are, *at a minimum*, readily ascertainable by proper means. Nor can InteliClear plausibly allege that a generic field name like firstname or lastname has any economic value whatsoever, let alone value derived from its secrecy. Thus, InteliClear failed to plausibly allege that the field names used in the InteliClear System are trade secrets.

Finally, as to *table names that include the terms "IC" or "ICDB"*—it is manifest that InteliClear does not own trade secret protection in abbreviations of the consumer-facing business name under which it commenced this litigation.

In sum, InteliClear has not identified its alleged trade secrets in the InteliClear System with sufficient particularity, and none of the InteliClear System's alleged "unique features" qualify as trade secrets under federal or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

MPA ISO MOTION TO DISMISS
CASE NO. 2:18-CV-10342-RGK-SK

California law. Accordingly, InteliClear fails to state a claim upon which relief can be granted, and the Court should dismiss InteliClear's trade secret claims pursuant to Rule 12(b)(6).

### B. InteliClear's Unfair Competition Claim Is Preempted by the CUTSA.

The CUTSA provides the exclusive civil remedy for conduct falling within its terms and supersedes other civil remedies based upon misappropriation of a trade secret. Cal. Civ. Code § 3426.7; *Silvaco Data Sys. v. Intel Corp.*, 109 Cal. Rptr. 3d 27 (Cal. Ct. App. 2010), *disapproved on other grounds by Kwikset Corp. v. Superior Court*, 120 Cal. Rptr. 3d 741 (Cal. Ct. App. 2011). The CUTSA therefore supersedes claims—including Section 17200 claims for unfair competition—"based on the same nucleus of facts as trade secret misappropriation." *Waymo, LLC v. Uber Techs., Inc.*, 256 F. Supp. 3d 1059, 1062 (N.D. Cal. 2017) (citing *Silvaco*, 120 Cal. Rptr. 3d at 48). The CUTSA "also supersedes claims based on alleged misappropriation of non-trade secret information unless some other provision of positive law grants a property right in that information." *Id.* at 1063 (citations omitted).

InteliClear's UCL claim must be dismissed unless, "stripped of facts supporting trade secret misappropriation, the remaining factual allegations can be reassembled to independently support" its claim for unfair competition. *Id.* (citations omitted); *see also Deerpoint Grp., Inc. v. Agrigenix, LLC*, No. 1:18-CV-0536 AWI BAM, 2018 U.S. Dist. LEXIS 205322, at *51 (E.D. Cal. Dec. 4, 2018) (dismissing UCL claim as preempted by the CUTSA); *SunPower Corp. v. SolarCity Corp.*, No. 12-CV-00694-LHK, 2012 U.S. Dist. LEXIS 176284, at *9 (N.D. Cal. Dec. 11, 2012) ("If there is no material distinction between the wrongdoing alleged in a CUTSA claim and that alleged in a different claim, the CUTSA claim preempts the other claim."). They cannot.

In support of its UCL claim, InteliClear merely incorporates by reference the allegations underlying its trade secret claims and alleges that "ETC's use of the InteliClear System to build its own system was without InteliClear's consent and constitutes an unlawful or unfair business act or practice under the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*" (*See* ECF No. 1 ¶¶ 51–54.) The allegations underlying InteliClear's UCL claim are thus not merely based on the same nucleus of facts as trade secret misappropriation. They are wholly duplicative of InteliClear's allegations supporting its CUTSA claim. And InteliClear does not (and cannot) identify any other provision of positive law that grants a property right in any non-trade secret information referenced in InteliClear's Complaint.

InteliClear's allegation that "ETC misrepresented to InteliClear that, among other things, it had destroyed all derivative works based on the InteliClear System," (ECF No. 1 ¶ 54), cannot save its UCL claim.[4] Elsewhere in its Complaint, InteliClear makes clear that this allegation goes to whether ETC's alleged misappropriation was "improper." (*See* ECF No. 1 ¶ 36.) This allegation thus "pertain[s] to trade secret misappropriation, and [] there are no remaining factual allegations that can be reassembled to independently support" InteliClear's UCL claim. *See Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 888 (N.D. Cal. 2018) (allegations that LGE fraudulently acquired and used information

---

[4] InteliClear's Complaint does not even contain the word "fraudulent," let alone plausible allegations that ETC's alleged "misrepresentation" was fraudulent. Regardless, to the extent that InteliClear invokes the UCL's "fraudulent" prong, InteliClear fails to state a claim upon which relief can be granted. To advance a claim under the "fraudulent" prong, InteliClear must plausibly allege that members of the public are likely to be deceived by ETC's alleged misrepresentation. *See, e.g., Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1121 (C.D. Cal. 2001) (a corporate-competitor "is not entitled to the protection of [the fraudulent] prong of §17200 because it is not a member of the public or a consumer entitled to such protection."); *Imperial Irrigation Dist. v. Cal. Indep. Sys. Operator Corp.*, No. 15-CV-1576, 2016 U.S. Dist. LEXIS 101258, at *40–41 (S.D. Cal. Aug. 1, 2016) (dismissing UCL claim; complaint was "devoid of any allegations that [the relevant] conduct has or is likely to deceive the public or that the public was even aware of [that] conduct."). InteliClear did not and cannot make such allegations.

gained under an NDA insufficient to avoid CUTSA preemption). Accordingly, InteliClear's UCL claim is preempted by the CUTSA and must be dismissed.

### C. Amendment Is Futile.

The Court may dismiss InteliClear's Complaint without leave to amend if amendment is futile. *See, e.g.*, *Deerpoint Grp.*, 2018 U.S. Dist. LEXIS 205322, at *4 (citing *Garmon v. Cty. of L.A.*, 828 F.3d 837, 842 (9th Cir. 2016)). InteliClear cannot avoid preemption of its UCL claim through amendment. And nothing InteliClear can allege will change the fact that the purportedly "unique features" of the InteliClear System are not entitled to trade secret protection as a matter of law. The Court should therefore dismiss InteliClear's Complaint without leave to amend.

## V. CONCLUSION

For the foregoing reasons, the Court should grant ETC's Rule 12(b)(6) motion to dismiss and should dismiss InteliClear's Complaint in its entirety and with prejudice.

Dated: February 13, 2019

MORGAN, LEWIS & BOCKIUS LLP
Brian M. Hom
J. Kevin Fee
Kathryn A. Feiereisel


By  /s/ *J. Kevin Fee*
J. Kevin Fee
Attorney for Defendant,
ETC Global Holdings, Inc.