UPDIKE, KELLY & SPELLACY, P.C.
RICHARD S. ORDER Pro hac vice
rorder@uks.com
ADAM B. MARKS Pro hac vice
amarks@uks.com
100 Pearl Street, P.O. Box 231277
Hartford, CT 06123-1277
Telephone: 860.548.2600
Facsimile: 860.548.2680

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
KENNETH A. O'BRIEN, JR., Cal. Bar No. 160171
kobrien@sheppardmullin.com
LAURA A. ALEXANDER, Cal. Bar No. 313212
lalexander@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Plaintiff, INTELICLEAR, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

INTELICLEAR, LLC.,

Plaintiff,

v.

ETC GLOBAL HOLDINGS, INC.,

Defendant.

Case No. 2:18-cv-10342-RGK-SK

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Date: March 18, 2019
Time: 9:00 a.m.
Judge: Hon. R. Gary Klausner
Ctrm: 850

# TABLE OF CONTENTS


Page

FACTS ..... 1

I. STANDARD OF REVIEW ..... 2

II. INTELICLEAR HAS PLAUSIBLY ALLEGED A CLAIM FOR MISAPPROPRIATION OF TRADE SECRETS ..... 3

A. InteliClear Does Not Need to Allege Its Trade Secret with Particularity ..... 3

B. InteliClear Has Alleged its Trade Secret With Sufficient Particularity ..... 4

C. The Features Identified by InteliClear Support A Plausible Claim that ETC Misappropriated the InteliClear System ..... 7

III. INTELICLEAR'S UNFAIR COMPETITION CLAIM IS NOT PREEMPTED ..... 8

A. InteliClear's Unfair Competition Claim Is Distinct from Its CUTSA Claim ..... 8

B. If InteliClear's CUTSA Claim Is Dismissed Because InteliClear Has Not Adequately Alleged its Trade Secrets, Its Unfair Competition Claim Cannot Be Preempted ..... 9

IV. INTELICLEAR SHOULD BE PERMITTED TO AMEND ITS COMPLAINT, IF NECESSARY ..... 11

CONCLUSION ..... 13

# TABLE OF AUTHORITIES

Page(s)

Cases

*123 Los Robles LLC v. Metzler*, No. 2:17-CV-00392-RGK-SK, 2017 WL 10311209 (C.D. Cal. Oct. 26, 2017) .......... 8

*Ali v. Fasteners for Retail, Inc.*, 544 F. Supp. 2d 1064 (E.D. Cal. 2008) .......... 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 2, 7

*Autodesk, Inc. v. ZWCAD Software Co., Ltd.*, No. 5:14-CV-01409-EJD, 2015 WL 2265479 (N.D. Cal. May 13, 2015) .......... 3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 2, 7

*DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119 (N.D. Cal. 2010) .......... 9

*First Advantage Background Services Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929 (N.D. Cal. 2008) .......... 10

*GeoData Sys. Mgmt., Inc. v. Am. Pac. Plastic Fabricators, Inc.*, No. CV1504125MMMJEMX, 2015 WL 12731920 (C.D. Cal. Sept. 21, 2015) .......... 12

*Hoeft v. Ballon*, No. 216CV02615CKDPS, 2018 WL 4372887 (E.D. Cal. Sept. 12, 2018) .......... 11

*K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc.*, 171 Cal. App. 4th 939 (2009) .......... 8

*Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522 (9th Cir. 2008) .......... 11

*Lilith Games (Shanghai) Co. v. uCool, Inc.*, No. 15-CV-01267-SC, 2015 WL 4149066 (N.D. Cal. July 9, 2015) .......... 5

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc) .......... 11

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025 (9th Cir. 2008) .......... 3

*Mitchell v. Routh Crabtree Olsen, P.S.*, No. C 11-03577 JSW, 2012 WL 2792360 (N.D. Cal. July 9, 2012) .......... 11

*Rockwell Collins, Inc. v. Wallace*, No. SACV1701369AGJCGX, 2017 WL 5502775 (C.D. Cal. Nov. 10, 2017) .......... 3, 4

*Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210 (2010) .......... 10

*Social Apps, LLC v. Zynga, Inc.*, No. 4:11-CV-04910 YGR, 2012 WL 2203063 (N.D. Cal. June 14, 2012) .......... 4, 7

*Strategic Partners Inc. v. Vestagen Protective Techs. Inc.*, No. 216CV05900RGKPLAX, 2016 WL 10611186 (C.D. Cal. Nov. 23, 2016) .......... 3, 4, 5, 7

*Teradata Corp. v. SAP SE*, No. 18-CV-03670-WHO, 2018 WL 6528009 (N.D. Cal. Dec. 12, 2018) .......... 12

*TMC Aerospace, Inc. v. Elbit Sys. of Am. LLC*, No. CV 15-07595-AB (EX), 2016 WL 3475322 (C. D. Cal. Jan. 29, 2016) .......... 5

*Waymo, LLC v. Uber Techs., Inc.*, 256 F. Supp. 3d 1059 (N.D. Cal. 2017) .......... 10

Statutes

Cal. Bus. & Prof. Code § 17200 .......... 9

Cal. Bus. & Prof. Code §§ 17200 *et seq*. .......... 8

Cal. Civ. Code § 3426 *et seq*. .......... 1, 3, 8, 9, 10

Cal. Civ. Code § 3426.7(a) .......... 8

Cal. Civ. Code § 3426.7(b) ........ 8

Defend Trade Secrets Act; 18 U.S.C. 1836 *et seq*. ........ 1, 3, 4

Other Authorities

Fed. R. Civ. P. 8 ........ 3, 7

Fed. R. Civ. P. 8(a) ........ 2

Fed. R. Civ. P. 8(a)(2) ........ 2

Fed. R. Civ. P. 9 ........ 4

Fed. R. Civ. P. 9(b) ........ 4

Fed. R. Civ. P. 12(b)(6) ........ 1, 2, 3

Fed. R. Civ. P. 15 ........ 11

Fed. R. Civ. P. 15(a) ........ 11

Plaintiff InteliClear, LLC ("InteliClear") respectfully submits this memorandum in opposition to defendant ETC Global Holdings, Inc.'s Motion to Dismiss dated February 13, 2019 (Doc. 25).

ETC has moved to dismiss InteliClear's Complaint dated December 13, 2018 (Doc. 1) pursuant to Fed. R. Civ. P. 12(b)(6). ETC argues that InteliClear failed to state a trade secrets claim (First and Second Claims) upon which relief can be granted because it failed to sufficiently identify the trade secrets and that the unfair competition claim (Third Claim) is preempted by the California Uniform Trade Secret Act ("CUTSA") claim (Second Claim).

InteliClear's allegations concerning the trade secrets within the InteliClear System are sufficient to plausibly allege the existence of a trade secret subject to protection under the Defend Trade Secrets Act ("DTSA") (First Claim) and CUTSA. Additionally, InteliClear's unfair competition claim is not preempted by its CUTSA claim because the unfair competition claim is distinct from the CUTSA claim. Consequently, ETC's motion should be denied.

**FACTS**

For ten years, InteliClear licensed to ETC and its predecessor an electronic system that manages stock brokerage firm accounting, securities clearance, and securities settlement services (the "InteliClear System") under a Software License Agreement (the "License Agreement"). Compl. ¶¶ 7–8. The InteliClear System took two years to develop. Compl. ¶ 11.

On November 20, 2017, ETC provided notice of termination of the License Agreement, effective February 28, 2018. Compl. ¶ 13. By letter dated March 5, 2018, ETC certified to InteliClear that it had ceased using the InteliClear System and had removed it from its operating environment and all systems. Compl. ¶ 14.

InteliClear, however, learned that ETC has improperly continued to use the InteliClear System or a derivation of the InteliClear System from several sources, namely, from a former ETC employee, from InteliClear's own observations during

the transition period prior to the termination date, and from a digital forensic expert, Capsicum Group, LLC, which compared ETC's replacement system with the InteliClear System and found numerous and obvious duplication. Compl. ¶¶ 16–25.

The InteliClear System's unique design and concepts and the unique software, formulas, processes, programs, tools, techniques, tables, fields, functionality, and logic by which the InteliClear System's components interrelate and process data are InteliClear's trade secrets that InteliClear has taken reasonable measures to protect and keep secret and that have independent economic value from not being generally known to or ascertainable by someone other than a licensor of the InteliClear System. Compl. ¶ 12.

## ARGUMENT

### I. STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."

The United States Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

> With that liberal pleading standard, the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief. . . . [D]etailed factual allegations aren't necessary at this early stage, but [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements just won't cut it.

*Rockwell Collins, Inc. v. Wallace*, No. SACV1701369AGJCGX, 2017 WL 5502775, at *1 (C.D. Cal. Nov. 10, 2017) (citations omitted; internal quotation marks omitted).

For purposes of ruling on a Rule 12(b)(6) motion, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## II. INTELICLEAR HAS PLAUSIBLY ALLEGED A CLAIM FOR MISAPPROPRIATION OF TRADE SECRETS

### A. InteliClear Does Not Need to Allege Its Trade Secret with Particularity

ETC argues that InteliClear failed to identify its trade secret with "sufficient particularity." Mot. at 4. InteliClear's identification and description of the trade secret aspect of the InteliClear System satisfy its pleading requirement.

As an initial matter, "courts are in general agreement that **trade secrets need not be disclosed in detail in a complaint alleging misappropriation for the simple reason that such a requirement would result in public disclosure of the purported trade secrets**." *Autodesk, Inc. v. ZWCAD Software Co., Ltd.*, No. 5:14-CV-01409-EJD, 2015 WL 2265479, at *6 (N.D. Cal. May 13, 2015) (internal quotation marks omitted) (emphasis added).

To state a claim for misappropriation of a trade secret under either DTSA or CUTSA, a plaintiff must allege (1) the existence of a trade secret and (2) misappropriation of the trade secret. *Strategic Partners Inc. v. Vestagen Protective Techs. Inc.*, No. 216CV05900RGKPLAX, 2016 WL 10611186, at *4 (C.D. Cal. Nov. 23, 2016).

Contrary to ETC's argument that a trade secret be identified with "particularity," this Court has recently noted that "Federal Rule of Civil Procedure 8 doesn't include a 'particularity' requirement. Instead, that's the pleading standard

for fraud or mistake claims under Rule 9. *See* Fed. R. Civ. P. 9(b). [Defendant] doesn't explain why Rule 9 would apply [to a claim under DTSA], and he doesn't provide any other convincing justification for applying a heightened pleading standard to [a] DTSA claim." *Rockwell Collins, Inc. v. Wallace*, No. SACV1701369AGJCGX, 2017 WL 5502775, at *2 (C.D. Cal. Nov. 10, 2017).

### B. InteliClear Has Alleged its Trade Secret With Sufficient Particularity

Notwithstanding the foregoing, certain district courts in California have applied a heightened pleading standing for trade secret claims.

> According to the pleading standard widely adopted by federal courts respecting the first element, the complaint should describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade. . . . The description should permit the defendant to ascertain at least the boundaries within which the secret lies. . . . **However, the claimant need not plead with specificity what particular proprietary information was misappropriated. . . . Instead, broad categories of descriptions suffice at the pleading stage**.

*Strategic Partners*, 2016 WL 10611186, at *4 (emphasis added).

"**While reasonable particularity does not require a party to define its trade secret down to the finest detail or require a mini-trial on [misappropriation] before discovery may commence**, it does require that the plaintiff make some effort to define the trade secret in a manner that is **fair and proper under all the circumstances**." *Social Apps, LLC v. Zynga, Inc.*, No. 4:11-CV-04910 YGR, 2012 WL 2203063, at *3 (N.D. Cal. June 14, 2012) (emphasis added) (addressing not the sufficiency of a Complaint but rather of discovery

disclosures under California Code of Civil Procedure § 2019.210, which requires a higher degree of specificity).

"[T]he degree of 'particularity' that is 'reasonable' will differ depending on the trade secrets at issue." *Lilith Games (Shanghai) Co. v. uCool, Inc.*, No. 15-CV-01267-SC, 2015 WL 4149066, *4 (N.D. Cal. July 9, 2015).*See also, e.g.*, *TMC Aerospace, Inc. v. Elbit Sys. of Am. LLC*, No. CV 15-07595-AB (EX), 2016 WL 3475322, at *5 (C. D. Cal. Jan. 29, 2016) (holding allegation generally describing "proprietary design drawings, manufacturing techniques, and manufacturing equipment including moulds and jigs" as plaintiff's trade secret was sufficient).

InteliClear has certainly satisfied the threshold of alleging a plausible claim for misappropriation of its trade secret, regardless of whether it is required to allege a trade secret with particularity or not. InteliClear took two years to design and develop its system, which is unique from those systems offered by its competitors. *See* Compl. ¶¶ 11–12. InteliClear alleged that its trade secrets contained in the InteliClear System included its "unique design and concepts and the unique software, formulas, processes, programs, tools, techniques, tables, fields, functionality, and logic by which the InteliClear system's components interrelate and process data . . . ." *Id.* at ¶ 12. InteliClear also alleged that it "has taken reasonable measures to protect and keep secret" those features of the InteliClear System and that they "have independent economic value from not being generally known to or ascertainable by someone other than a licensor of the InteliClear System." *Id.* at ¶ 12.

In fact, it is astounding for ETC to act like it does not understand the "boundaries within which the secret lies" or the "broad categories of descriptions," *Strategic Partners, supra*, since ETC operated the InteliClear System for over ten years and is now operating a replacement system based substantially on and, in part, copied from the InteliClear System. InteliClear alleged the nature of the InteliClear System, its use in tracking all sorts of data relating to managing stock brokerage

firm accounting, securities clearance, and securities settlement services, and its provision of back office operational functionality, products, and services, including purchase and sales, cashiering, accounting, regulatory, margin, master tables, and all processing required for a self-clearing and correspondent clearing firm to operate efficiently and comply with the FINRA and SEC guidelines and regulations. Compl. ¶¶ 7, 9, and 11. At the pleading stage, no more is required.

Additionally, in Section 1(j) of the Software License Agreement through which ETC gained access to and use of the InteliClear System, ETC acknowledged and agreed that:

> all information of any kind IC [InteliClear] has supplied or provided to ETC in connection with the License including but not limited to the SOFTWARE, shall be exclusive, confidential, proprietary and copyrighted property of IC and as such constitutes IC's Proprietary Information (the "Proprietary Information"). ETC shall treat such Proprietary Information with the degree of care normally used to protect ETC's own confidential and proprietary information. During and after the term of this Agreement, ETC agrees to maintain the Proprietary Information in confidence and shall refrain from disclosure thereof to third parties and shall use the Proprietary Information solely in connection with use and application of the License and for no other use without the prior written consent of IC.

Compl. ¶ 10.

Accordingly, in the Complaint, InteliClear has sufficiently put ETC on notice of the trade secrets at issue. Any more specific details about the trade secrets should be the subject of discovery pursuant to an appropriate Protective Order.[1]

---

[1] InteliClear's counsel sent ETC's counsel a draft Protective Order on January 9, 2019, but ETC has neither consented to it nor provided any revisions.

**C. <u>The Features Identified by InteliClear Support A Plausible Claim that ETC Misappropriated the InteliClear System</u>**

On pages 6–8 of its Motion, ETC argues that InteliClear identified certain features of its system in its Complaint, none of which are protectable as trade secrets. The paragraphs of InteliClear's Complaint cited by ETC in support of this argument are focused primarily on allegations supporting InteliClear's claims that ETC misappropriated the InteliClear System.

InteliClear's expert, Capsicum Group, LLC ("Capsicum"), reviewed ETC's system for certain features that InteliClear identified for Capsicum as unique. Compl. at ¶¶ 21–22. The similarities identified by Capsicum, including a combination of fields to perform joins that is not the method that would be used to create a system during the time ETC alleges to have created its system and the use of "IC" or "ICDB" to identify tables, *id.* at ¶¶ 23–25, support a plausible claim of misappropriation of the InteliClear System by ETC. If, after all, ETC truly created its own system, it is extremely unlikely it would opt to use an older method to perform joins or name certain tables after InteliClear.

ETC's argument misses the point. It is not the use of joins or field and table names that are the trade secrets but rather the manner "by which the InteliClear system's components interrelate and process data" through its "unique design and concepts and the unique software, formulas, processes, programs, tools, techniques, tables, fields, functionality, and logic . . . ." Compl. at ¶ 12. Thus, for example, while a table for a customer's name or her stock trades, in and of itself, may not qualify as a trade secret, the way that the table is populated with data and functions and interrelates with other components in the InteliClear System is a trade secret.

Rule 8, *Twombly*, *Iqbal*, and *Strategic Partners* do not require InteliClear to be more specific in the publicly accessible Complaint about how these components interrelate and process data. InteliClear has alleged its trade secrets by "in a manner that is fair and proper under all the circumstances." *Social Apps*, *supra*.

## III. <u>INTELICLEAR'S UNFAIR COMPETITION CLAIM IS NOT PREEMPTED</u>

### A. <u>InteliClear's Unfair Competition Claim Is Distinct from Its CUTSA Claim</u>

Whether a claim is preempted by CUTSA is largely a factual inquiry. *K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 954 (2009).

This Court has observed that:

> California courts . . . disagree on the exact scope of CUTSA preemption. One California Court of Appeal held that a claim falls within the terms of CUTSA if it is 'based on the same nucleus of facts' as a misappropriation of trade secrets claim, even though the preempted claim may seek 'something more.' . . . In contrast, another court held that a claim based on any facts distinct from those necessary to support a misappropriation of trade secrets claim falls outside CUTSA's terms.

*123 Los Robles LLC v. Metzler*, No. 2:17-CV-00392-RGK-SK, 2017 WL 10311209, at *5 (C.D. Cal. Oct. 26, 2017) (citations omitted).

As an initial matter, CUTSA expressly declines to supersede any other statutory claim that may be based on misappropriation. "Except as otherwise expressly provided, this title does not supersede any statute relating to misappropriation of a trade secret, or any statute otherwise regulating trade secrets." Cal. Civ. Code § 3426.7(a).

CUTSA also "does not affect (1) contractual rights . . . [or] (2) other civil remedies that are not based upon misappropriation of a trade secret . . . ." Cal. Civ. Code § 3426.7(b).

Thus, CUTSA contains no provision expressly preempting InteliClear's unfair competition claim pursuant to California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*

As InteliClear alleges in its Complaint, following ETC's termination of the License Agreement, it was no longer permitted to use the InteliClear System or any derivation of it. Compl. at ¶ 52. ETC, however, continued to use a derivation of the InteliClear System after the termination date. ETC also took an extra step beyond using InteliClear's trade secrets by misrepresenting in its post-termination certification to InteliClear that it had, among other things, destroyed all derivative works based on the InteliClear System. *Id.* at ¶¶ 53–54.

It is this lie that establishes InteliClear's statutory unfair competition claim and distinguishes it from a trade secret or even a breach of contract claim. In other words, the lie concerning retention or use of the InteliClear System or a derivation of the InteliClear System is the "unlawful" or "unfair" "business act or practice" within the meaning of Cal. Bus. & Prof. Code § 17200. *See, e.g., DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1131–32, 1146 (N.D. Cal. 2010) (denying motion to dismiss unfair competition claim based on unlawful breach of agreement following theft of trade secrets and pretextual termination of agreement).

Accordingly, InteliClear's unfair competition claim is not preempted.

### B. <u>If InteliClear's CUTSA Claim Is Dismissed Because InteliClear Has Not Adequately Alleged its Trade Secrets, Its Unfair Competition Claim Cannot Be Preempted</u>

ETC cannot escape the conflicting arguments it makes in its motion. In support of its argument to dismiss InteliClear's CUTSA claim, it argues "nothing InteliClear can allege will change the fact that the purportedly 'unique features' of the InteliClear System **<u>are not entitled to trade secret protection as a matter of law</u>**." Motion at 10 (emphasis added). On the other hand, ETC argues that InteliClear's unfair competition claim should also be dismissed because it is preempted by CUTSA. ETC cannot have it both ways.

After all, if InteliClear has not sufficiently alleged a trade secret, ETC may still be liable for unfair competition if it stole InteliClear's proprietary information

and lied about that. "To the extent the claim is based on these trade secrets, it cannot go forward. However, [the plaintiff] may continue to pursue the [tort claim] so long as the confidential information at the foundation of the claim is not a trade secret, as that term is defined in [CUTSA]." *First Advantage Background Services Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 942 (N.D. Cal. 2008).*See also Ali v. Fasteners for Retail, Inc.*, 544 F. Supp. 2d 1064, 1071 (E.D. Cal. 2008) (refusing to dismiss a conversion claim as preempted by CUTSA where it was still unclear how much of the allegedly misappropriated information was a trade secret).

Even taking into account the preemption language of S*ilvaco Data Sys. v. Intel Corp.*, 184 Cal.App.4th 210 (2010), and its progeny preempting claims of misappropriation of non-trade secret information, ETC acknowledged in the License Agreement that information provided to ETC by InteliClear in accordance with the License Agreement was InteliClear's "exclusive, confidential, proprietary and copyrighted property." Compl. at ¶ 10. In light of its admissions to the contrary, ETC simply cannot argue that InteliClear does not have a property right in the information provided by InteliClear to ETC pursuant to the License Agreement. Thus, as stated by a case relied on by ETC on page 8 of its brief, *Waymo, LLC v. Uber Techs., Inc.*, 256 F. Supp. 3d 1059, 1062 (N.D. Cal. 2017), CUTSA "also supersedes claims based on alleged misappropriation of non-trade secret information **unless some other provision of positive law grants a property right in that information**." Emphasis added.

Consequently, InteliClear's unfair competition claim is not preempted by its CUTSA claim.

## IV. INTELICLEAR SHOULD BE PERMITTED TO AMEND ITS COMPLAINT, IF NECESSARY

ETC requests this Court to dismiss InteliClear's Complaint with prejudice and deny it the opportunity to replead. As set forth above, there are no grounds for dismissal of InteliClear's Complaint. If, however, the Court grants the motion to dismiss InteliClear's Complaint, InteliClear should be granted leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

ETC has not argued and cannot argue that it would be prejudiced by the opportunity to amend, that there would be undue delay, or that InteliClear acted in bad faith. ETC's only argument is that amendment would be futile, a ground that courts usually rely on for refusing further amendment only after a plaintiff has made several unsuccessful attempts at stating a claim. *See, e.g.*, *Hoeft v. Ballon*, No. 216CV02615CKDPS, 2018 WL 4372887, at *2 (E.D. Cal. Sept. 12, 2018) (dismissing second amended complaint without leave to amend because further amendment was futile after plaintiff's failure "to state a claim after multiple attempts"); *Mitchell v. Routh Crabtree Olsen, P.S.*, No. C 11-03577 JSW, 2012 WL 2792360, at *2 (N.D. Cal. July 9, 2012) ("After Plaintiff's multiple opportunities to

amend his complaint, it is apparent to the Court that it would be futile to grant Plaintiff leave to amend this claim.").

In any event, it is illogical for ETC to argue on the one hand that it "cannot possibly ascertain the scope of InteliClear's alleged trade secrets from this generic list of categories of information," ETC Br. at 6, while arguing on the other hand that it would be futile for InteliClear to amend its Complaint to more specifically identify its trade secret. If ETC cannot tell from the allegations what InteliClear's trade secrets are because InteliClear has not described the InteliClear System in sufficient detail, ETC cannot claim to know that there is no way InteliClear can provide greater detail.

In fact, nearly every case cited by ETC grants the plaintiff whose complaint was dismissed the opportunity to amend. *See, e.g.*, *GeoData Sys. Mgmt., Inc. v. Am. Pac. Plastic Fabricators, Inc.*, No. CV1504125MMMJEMX, 2015 WL 12731920, at *21 (C.D. Cal. Sept. 21, 2015) ("GeoData may file an amended complaint within twenty (20) days of the date of this order if it is able to remedy the deficiencies the court has noted."); *Teradata Corp. v. SAP SE*, No. 18-CV-03670-WHO, 2018 WL 6528009, at *19 (N.D. Cal. Dec. 12, 2018) ("Teradata does not sufficiently allege its trade secrets. Therefore, Teradata's first amended complaint is DISMISSED WITH LEAVE TO AMEND within ten days of the date of this Order.").

In the event that this Court rules in favor of ETC, InteliClear should be permitted to amend its Complaint and to file its amended Complaint in a redacted form or under seal with any appropriate designations under a Protective Order to avoid disclosing its trade secrets publicly.

**CONCLUSION**

For the foregoing reasons, ETC's Motion to Dismiss Complaint should be denied in its entirety.

DATED: February 25, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

UPDIKE, KELLY & SPELLACY, P.C.

By: /s/ *Richard S. Order*

Richard S. Order

Attorneys for Plaintiff
INTELICLEAR. LLC