UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10342-RGK-SK | Date | April 05, 2019 |
|---|---|---|---|
| Title | ***INTELICLEAR, LLC v. ETC GLOBAL HOLDINGS*** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss (DE 25)

## I. INTRODUCTION

On December 13, 2018, InteliClear, LLC ("Plaintiff") filed a complaint against ETC Global Holdings, Inc. ("Defendant"). Plaintiff brings claims of trade secret misappropriation and unfair competition arising out of the alleged misuse of Plaintiff's securities trading tracking system.

Presently before the Court is Defendant's Motion to Dismiss (DE 25). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion.

## II. FACTUAL BACKGROUND

Plaintiff alleges the following:

Plaintiff is a limited liability company that primarily designs, develops, sells, licenses, and supports an electronic system designed to track data for securities transactions ("the System"). Defendant is a broker and dealer of securities registered with the Financial Industry Regulatory Authority and the United States Securities and Exchange Commission.

In 2008, Plaintiff licensed the System to Defendant's predecessor, Electronic Transaction Clearing, Inc., under a license agreement (the "License Agreement"). In 2012, Electronic Transaction Clearing, Inc. assigned and delegated all contractual obligations of the License Agreement to Defendant. The License Agreement contained a provision under which Defendant agreed to maintain Plaintiff's intellectual property in confidence, both during and after the duration of the License Agreement.

Defendant used the System for several years to collect data on stock and options trading for its customers. In 2018, Defendant terminated the License Agreement and insisted that it had destroyed the System and disposed of all related documentation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10342-RGK-SK | Date | April 05, 2019 |
|---|---|---|---|
| Title | ***INTELICLEAR, LLC v. ETC GLOBAL HOLDINGS*** | | |

Following the termination of the License Agreement, Plaintiff noticed similarities between the System and Defendant's new securities tracking system. Plaintiff hired Capsicum Group, LLC ("Capsicum"), a computer technology company, to compare the two systems. Capsicum concluded that Defendant used Plaintiff's intellectual property to build source code for its own system.

### III.  JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a complaint may be dismissed when the plaintiff's allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true. *Barker v. Riverside Cty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009). A pleading must contain sufficient factual matter that, accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations. *See W. Mining Counsel v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

### IV.  DISCUSSION

Plaintiff alleges trade secret misappropriation under the Defend Trade Secrets Act ("DTSA") and the California Uniform Trade Secrets Act ("CUTSA"). Plaintiff also alleges unfair competition under California Business & Professions Code § 17200.

Defendant argues that the Court should dismiss all of Plaintiff's claims under Rule 12(b)(6).

#### A.  **Trade Secret Misappropriation**

Courts often analyze DTSA and CUTSA claims together because the analysis is similar. *See, e.g., ChromaDex, Inc. v. Elysium Health, Inc.*, 301 F. Supp. 3d 963, 970–71 (C.D. Cal. 2017); *Nelson Bros. Prof'l Real Estate LLC v. Jaussi*, No. SA CV 17-0158-DOC (JCGx), 2017 WL 8220703, at *4–6 (C.D. Cal. Mar. 23, 2017). To state a claim for trade secret misappropriation, Plaintiff must allege the following: (1) ownership of a trade secret, and (2) Defendant's misappropriation of that trade secret. *Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 988 (S.D. Cal. 2012); *Sargent Fletcher, Inc. v. Able Corp.*, 110 Cal. App. 4th 1658, 1665 (2003).

##### 1.  *Existence of a Trade Secret*

Defendant argues that Plaintiff fails to state a claim for trade secret misappropriation because Plaintiff does not identify its trade secrets with sufficient particularity. Defendant further argues that the features of the System do not qualify for trade secret protection regardless of the allegations' particularity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10342-RGK-SK | Date | April 05, 2019 |
|---|---|---|---|
| Title | ***INTELICLEAR, LLC v. ETC GLOBAL HOLDINGS*** | | |

A trade secret is information that (1) derives independent economic value from its secrecy and (2) is the subject of reasonable efforts to maintain its secrecy. 18 U.S.C. § 1839; Cal. Civ. Code § 3426.1. To survive a motion to dismiss, "the complain[t] should describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or special knowledge of those persons who are skilled in the trade." *Pellerin v. Honeywell Intern., Inc.*, 877 F. Supp. 2d 983, 988 (S.D. Cal. 2012); *see also Diodes, Inc. v. Franzen*, 260 Cal. App. 2d 244, 250 (1968).

The degree of particularity depends upon what is "fair, proper, just and rational . . . under all of the circumstances." *Advanced Modular Sputtering, Inc. v. Super. Ct.*, 132 Cal. App. 4th 826, 836 (2005) (citation omitted). The description should allow the defendant "to ascertain at least the boundaries within which the secret lies." *Diodes*, 260 Cal. App. 2d at 253. However, the claimant "need not plead with specificity what particular proprietary information was misappropriated." *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1145 (N.D. Cal. 2010). For example, in *Telemasters*, the court held that the allegation of a "switching system and computer programs and routines to run the switching system" was sufficient to state a claim. *Telemasters, Inc. v. Vintage Club Masters Ass'n*, No. CV 05-05139, 2006 WL 4599670, at *4–5 (C.D. Cal. Jan. 9, 2006). In contrast, the court in *Teradata* held that the allegation of "information on the design and optimization of . . . systems and the execution of analytical queries in such systems" was too vague to survive a motion to dismiss. *Teradata Corp. v. SAP SE*, No. 18-cv-03670-WHO, 2018 WL 6528009, at *4 (N.D. Cal. Dec. 12, 2018).

Here, Plaintiff alleges that it enjoys trade secret protection in its "unique design and concepts and the unique software, formulas, processes, programs, tools, techniques, tables, fields, functionality, and logic by which the . . . [S]ystem's components interrelate and process data . . . ." (Compl. ¶ 12.) Unlike the allegations in *Teradata*, Plaintiff's description pertains to a single, distinct system and the components therein. If the alleged facts are true, Defendant must have understood the boundaries of the System because Defendant agreed to protect the proprietary information within the System and to remove the System from its servers. The alleged trade secret is not limitless, nor are the boundaries unascertainable.

In addition to satisfying the particularity requirement, Plaintiff adequately states the statutory requirements of a trade secret. *See* 18 U.S.C. § 1839; Cal. Civ. Code § 3426.1. The alleged trade secret derives independent economic value from its secrecy because Plaintiff's "primary business" is the "design, development, sale, license, and support" of the System. (Compl. ¶ 7.) Although the joins, table names, and field names may not be independently protectable, Plaintiff's method of interrelation in the System may be. Moreover, the confidentiality provision in the License Agreement constitutes a reasonable effort to maintain the System's secrecy.

Accordingly, the Court finds Plaintiff's allegations sufficient to claim the existence of a trade secret.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10342-RGK-SK | Date | April 05, 2019 |
|---|---|---|---|
| Title | *INTELICLEAR, LLC v. ETC GLOBAL HOLDINGS* | | |

    2.    <u>*Misappropriation*</u>

Where a defendant has a duty to maintain the secrecy of or limit the use of a trade secret, disclosure or use of that trade secret constitutes misappropriation. Cal. Civ. Code § 3426.1(b); *see also* 18 U.S.C. § 1839.

Pursuant to the License Agreement, Defendant had a duty to maintain in confidence Plaintiff's intellectual property. (Compl. ¶ 10.) Plaintiff alleges that Defendant, in spite of the License Agreement, "us[ed] a derivation of [Plaintiff's] system . . . after termination of the License Agreement to track, compile, and report data concerning stock trades made by Defendant and its customers throughout the United States and on stock exchanges across the country." (Compl. ¶¶ 33, 43.) Plaintiff further alleges that an independent consulting company determined that Defendant used Plaintiff's intellectual property to build its source code. (Compl. ¶¶ 22–26.) These allegations adequately state a claim for misappropriation under both CUTSA and DTSA.

    **B.**    <u>**Unfair Competition**</u>

California's Unfair Competition Law ("UCL") prohibits business practices that are unlawful, unfair, or fraudulent. Cal. Bus. & Prof. Code § 17200.

CUTSA "implicitly preempts alternative civil remedies based on trade secret misappropriation." *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 954 (2009). When the two claims are based on the same "nucleus of facts," CUTSA preempts the claim for unfair competition. Cal. Civ. Code § 3426.7; *see also K.C. Multimedia*, 171 Cal. App. 4th at 961. The "nucleus of facts" test is fact-driven and examines whether there is any "material distinction" between the alleged wrongdoing in each claim. *SunPower Corp. v. SolarCity Corp.*, No. 12-CV-00694-LHK, 2012 WL 6160472, at *3 (N.D. Cal. Dec. 11, 2012) (citing *Convolve, Inc. v. Compaq Comp. Corp.*, No. 00 CV 5141(GBD), 2006 WL 839022, at *6 (S.D.N.Y Mar. 31, 2006) (applying California law)).

Plaintiff alleges that Defendant engaged in an unlawful and unfair business practice under the UCL by misusing Plaintiff's trade secret to establish its own securities trading tracking system and by misrepresenting that Defendant had destroyed derivative works based on the System.

Plaintiff's unfair competition claim is separate from its CUTSA claim only, if at all, in the allegation that Defendant lied about its alleged use of the trade secret. Otherwise, the facts underlying the trade secret misappropriation claims and the UCL claim are the same. There is no "material distinction" between them. The Court therefore dismisses the UCL claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10342-RGK-SK | Date | April 05, 2019 |
|---|---|---|---|
| Title | *INTELICLEAR, LLC v. ETC GLOBAL HOLDINGS* | | |

### V.  CONCLUSION

In light of the foregoing, the Court **DENIES** the Motion as to the DTSA and CUTSA claims. The Court **GRANTS** the Motion as to the unfair competition claim.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer