FILED
CLERK, U.S. DISTRICT COURT
5/29/2019
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| INTELICLEAR, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ETC GLOBAL HOLDINGS, INC.,<br><br>　　　　Defendant. | Case No. 2:18-cv-10342-RGK-SK<br><br>**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

The Parties to the above-captioned action HEREBY STIPULATE AND AGREE, by and through their undersigned counsel, that the following specifications shall govern discovery of all documents, electronically stored information ("ESI"), and any other materials and information produced by the Parties during discovery in the above-captioned action.

**I.     General**

  A.     The Parties shall take reasonable steps to comply with the procedures set forth in this Stipulation.

  B.     This Stipulation is intended to streamline production to promote a "just, speedy and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

  C.     To the extent reasonably possible, the production of documents shall be conducted to maximize efficient and quick access to documents and minimize related discovery costs.  The terms of this Stipulation shall be construed so as to ensure the prompt, efficient, and cost-effective exchange of information consistent with the Federal Rules of Civil Procedure, the Local Rules, and any orders by this Court.

  D.     Except as specifically limited herein, this Stipulation governs the production of discoverable documents by the Parties during the litigation.  In the event of transfer to other courts, this Stipulation will remain in effect in all respects, until adopted by the transferee court or replaced by a successor agreement. This Stipulation shall not enlarge, reduce, or otherwise affect the scope of discovery in this litigation as imposed by the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders, nor imply that discovery produced under the terms of this Stipulation is properly discoverable, relevant, or admissible in this or in any other litigation.  Subject to this Stipulation, the Parties' objections and

SMRH:4830-0479-8872.1

responses to requests for production of documents and interrogatories, and a binding Stipulated Protective Order ("Protective Order"), all documents that are responsive to discovery requests and not designated as "privileged" shall be produced in the manner provided herein.  Nothing in this Stipulation shall be interpreted to require disclosure of materials that a Party contends are not discoverable or are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege that may be applicable. Additionally, nothing in this Stipulation shall be deemed to waive or limit any Party's right to object to the production of certain electronically stored information or to move for an appropriate order pursuant to the Federal Rules of Civil Procedure on the ground that the sources are not reasonably accessible because of undue burden or cost or on the ground that there is good cause for the documents' production.

E. The Parties agree to promptly alert all other Parties concerning any technical problems associated with complying with this Stipulation.  To the extent compliance with this Stipulation imposes an undue burden with respect to any protocol, source, or search term listed herein, the Parties shall promptly confer in an effort to resolve the issue.

F. Consistent with their obligations under applicable Federal Rules of Civil Procedure, the Parties will attempt to resolve, in person, in writing (including e-mail) or by telephone, disputes regarding the issues set forth herein prior to filing a motion with the Court or otherwise seeking relief.  If the Parties are unable to resolve the dispute after a good faith effort, the Parties may seek Court intervention in accordance with the Court's procedures.

G. Discovery concerning the preservation and collection efforts of another Party can contribute to unnecessary expense and delay and may

inappropriately implicate work product and attorney-client privileged matter. If there is a dispute concerning the scope of a Party's preservation or collection efforts, the burden is on the Receiving Party to fully explain its reasons for believing that additional efforts are reasonable and proportionate. In particular, before initiating discovery about preservation and collection, a Party shall confer with the other Party concerning the specific need for such discovery, including its relevance to claims and defenses, and the suitability of alternative means for obtaining the information.

## II. Production Format – Hardcopy

At the Producing Party's discretion, hardcopy documents should be scanned as in either (a) PDF format or (b) single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (*i.e.*, .dat). The database load file should contain the following fields: "BEGNO," "ENDNO," "BEGATTACH," "ENDATTACH," "PAGES" and "CUSTODIAN." The documents should be logically unitized (*i.e.*, distinct documents should not be merged into a single record, and a single document should not be split into multiple records) and should be produced consistent with Federal Rule of Civil Procedure 34(b)(2)(E). If an original document contains relevant information in color necessary to understand the meaning or content of the document, the document should be produced in color. To the extent that the Producing Party OCRs the document for its own benefit, OCR should also be provided. The OCR software should maximize text quality over process speed. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process.

## III. Production Format – Electronically Stored Information

Electronically stored information ("ESI") should be produced as single-page, Group IV, 300 DPI TIFF images with the exception of source code, audio,

| | |
|---|---|
| 1 | video, and spreadsheet-type files, including, but not limited to, Microsoft Excel |
| 2 | and CSV files, which should be produced in native format.  All ESI should be |
| 3 | produced with a delimited, database load file that contains the metadata fields |
| 4 | listed in Appendix 1, attached hereto, to the extent captured at the time of the |
| 5 | collection.  To the extent that metadata does not exist, is not reasonably accessible |
| 6 | or available for any documents produced or would be burdensome to provide, |
| 7 | nothing in this Stipulation shall require any Party to extract, capture, collect or |
| 8 | produce such data. The Parties agree that certain documents identified and |
| 9 | collected as part of a targeted collection that originated as ESI may be produced |
| 10 | without metadata but compliant with Section II. An .opt image cross-reference |
| 11 | file should also be provided for all TIFF images. |
| 12 |       TIFF images should show any and all text and images which would be |
| 13 | visible to the reader using the native software that created the document. For |
| 14 | example, TIFF images of e-mail messages should include the BCC line. |
| 15 | PowerPoint documents should be processed with hidden slides and all speaker |
| 16 | notes unhidden, and should be processed to show both the slide and the speaker's |
| 17 | notes on the TIFF/JPG image.  Color originals may be produced in B&W TIFF |
| 18 | format, but either Party may subsequently request, by Bates number(s), a |
| 19 | replacement set of images in color. Upon demonstration by the Requesting Party |
| 20 | that the loss of the color detracts from the usability or reduces the ability to |
| 21 | understand the information imparted in the original, the request shall not be |
| 22 | unreasonably denied, however categorical or wholesale requests are deemed |
| 23 | invalid. |
| 24 |       If a document is produced in native format, a single-page Bates-stamped |
| 25 | TIFF image slip-sheet containing the confidential designation and text stating the |
| 26 | document has been produced in native format should also be provided. If |

documents requested in native format require redactions, the Parties should meet and confer regarding how to implement redactions while ensuring that proper formatting and usability are maintained. Each native file should be named according to the Bates number it has been assigned, and should be linked directly to its corresponding record in the load file using the NATIVELINK field. To the extent that either Party believes that native files should be produced for a specific document or class of documents not required to be produced in native format pursuant to this paragraph or to the extent records do not easily conform to native or TIFF format (*i.e.*, structured data), the Parties should meet and confer in good faith.

### IV. Production – Handling Completely Non-Responsive Documents Attached to Production-Eligible Documents

In an effort to avoid unnecessary expense and burden, the Parties agree that completely non-responsive documents attached to an otherwise production-eligible document can be produced as a single-page Bates-stamped TIFF image slip-sheet containing the text stating the document has been withheld as non-responsive. For all attachments withheld as non-responsive, the Producing Party agrees to produce as part of the metadata load files the ESI metadata listed in Appendix 1 (with the exception of text). When producing responsive attachments, the parent email will be produced, regardless of responsiveness unless otherwise protected from disclosure. Upon reasonable written request by the Requesting Party identifying by Bates number or other unique identifier each document for which it seeks production, within ten (10) days of such a request, the Producing Party must either (i) produce the requested document or (ii) challenge the request. Categorical or wholesale requests are deemed invalid. If a Party challenges a request for further information, the Parties shall meet and confer to try to reach a mutually agreeable

solution. If they cannot agree, the Parties must request a conference with the Court before any motions may be filed.

**V. Production Format - Structured Data**

To the extent a response to a non-objectionable discovery request requires production of discoverable electronic information contained in a database, the Parties will meet and confer to discuss the most appropriate and cost-effective production format, which may include an export of data.

**VI. Production Format – Social Media**

ESI from social media websites (e.g., LinkedIn, Facebook, Twitter) may be produced by capturing information through "screen shots" or "screen captures" and converting same into images along with corresponding extracted text or OCR unless the Parties agree to perform bulk exports of accounts, such as by exporting out a profile from LinkedIn or downloading a copy of an individual's Facebook data or archive

**VII. Production Format - Media**

Documents shall be exchanged on DVD-ROMs, CD-ROMs, USB drives, portable hard drives or through secure file transfer protocols (e.g., FTP) or similar secure electronic transmission. The production media shall be labeled with the Volume Number along with the Bates Number range(s) of the materials, and where not practicable to do so, may be provided in an accompanying letter. Any document production that may contain "non-public personal information" (as defined in the Gramm-Leach-Bliley Act) shall be produced in encrypted form and the production media shall be labeled "MAY CONTAIN NON-PUBLIC PERSONAL INFORMATION" as applicable. If a Producing Party encrypts or "locks" the production, the Producing Party shall send, under separate cover, an explanation of how to decrypt the files.

**VIII. Processing and Other Specifications**

    A.    <u>On-Site Inspections</u>: On-site inspections of ESI under Rule 34(b) shall not be permitted absent a good-faith showing by the Requesting Party of good cause and specific need or upon agreement of the Parties. As appropriate, the Court may condition on-site inspections of ESI, as authorized in the preceding sentence, to be performed by independent third-party experts, and the Court may set other conditions deemed appropriate by the Court.

    B.    <u>Bates Numbering and Confidentiality Designations</u>: Each page of a produced image shall have a legible, unique Bates number that includes an alpha prefix along with a fixed number, i.e., ABC00000001, electronically "burned" onto the image at a location that does not unreasonably obliterate or obscure any information from the source document. Each image page or native file assigned a Bates number shall be assigned a Bates number that is unique and maintains a constant length across the entire document production. No other legend or stamp will be placed on the document image other than confidentiality legends (where applicable) or redactions

    C.    <u>ESI Date and Time Processing</u>: Each Party's ESI should be processed using a consistent Time Zone for all data. The Party shall share the Time Zone selected for processing of its data with the other Party.

    D.    <u>Global or Horizontal Deduplication</u>: Removal of duplicate documents should only be done on exact duplicate documents (based on MD5 or SHA-1 hash values, at the family level). Attachments should not be eliminated as duplicates for purposes of production, unless the parent e-mail and all attachments are also duplicates. When applying global deduplication, metadata identifying all custodians in possession of each document that is removed as a duplicate must be

provided in the CUSTODIAN metadata field subject to any exceptions provided in this Stipulation.

E. <u>Email Thread Suppression</u>: Each Party may also deduplicate e-mails in such a way as to eliminate earlier or incomplete chains of e-mails, and produce only the most complete iteration of an e-mail chain. Upon reasonable written request by the Requesting Party identifying by Bates number or other unique identifier each responsive, non-privileged thread for which it seeks suppressed documents, within ten (10) days of such a request, the Producing Party must either (i) provide the requested suppressed documents or (ii) challenge the request. Categorical or wholesale requests are deemed invalid. If a Party challenges a request for further information, the Parties shall meet and confer to try to reach a mutually agreeable solution. If they cannot agree, the Parties must request a conference with the Court before any motions may be filed.

F. <u>Embedded Objects</u>: Some Microsoft Office and .RTF files may contain embedded objects. Such objects typically are the following file types: Microsoft Excel, Word, PowerPoint, Project, Outlook, Access and PDF. Subject to claims of privilege and immunity, as applicable, objects with those identified file types shall be extracted as separate files and shall be produced as attachments to the file in which they were embedded unless otherwise subject to an exception provided within this Stipulation.

G. <u>Compressed Files</u>: Compressed file types (i.e., .CAB, .GZ, .TAR. .Z, .ZIP) shall be decompressed in a reiterative manner to ensure that a zip within a zip is decompressed into the lowest possible compression resulting in individual files.

H. <u>Redactions:</u> The Producing Party can redact documents for privilege or otherwise protected information, personally identifiable information and non-responsive content within a responsive document. If, during the course of

SMRH:4830-0479-8872.1                                          Stipulated Order Re: Discovery of
                                                                                         Electronically Stored Information

discovery, the Parties identify other kinds of information that any Party has a reasonable basis for redacting, the Parties will meet and confer regarding it before such redactions are made. If the issue cannot be resolved, the Parties will seek resolution from the Court.

   I.   No Designation of Discovery Requests:  Production of hard copy documents and ESI in the reasonably usable form set out in this Stipulation need not include any reference to the requests to which a document or ESI may be responsive.

   J.   Foreign Language Documents: To the extent that documents or ESI are produced that contain languages other than English, in whole or in part, the Producing Party shall produce all foreign language document and ESI in the original language. The Producing Party has no obligation to provide a translation of the documents or ESI or any portion thereof.

**IX.   Identification and Collection of Documents**

   A.   Except at otherwise agreed upon in this Stipulation, the Parties will meet and confer in an effort to agree upon the following:

      1.   List of records custodians;

      2.   Search methodology to be applied, including, but not limited to, search terms and date restrictions; and

      3.   Location of relevant data sources including custodial and non-custodial.

   B.   Search Methodology:

      1.   Email and Non-Email: the Parties agree to search for and produce unique, responsive records from sources of hard copy and ESI to the extent a custodian reveals that such locations may contain responsive information and such data is within the possession, custody or control of the Producing Party.

2. The mere fact that a document is hit or captured by the application of any agreed upon search terms does not mean that such document is necessarily responsive to any propounded discovery request or is otherwise relevant to this litigation. Determinations of discoverability, responsiveness and privilege shall be made by the Producing Party.

If the Parties cannot resolve any dispute regarding this section, consistent with The Sedona Conference Principles, Principle 6, the responding party is best suited to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information.

## X. Preservation

A. The Parties acknowledge that they have an obligation to take reasonable and proportional steps to preserve discoverable information in the Party's possession, custody or control.

B. The Parties agree that, absent a showing of good cause by the Requesting Party, the circumstances of this case do not warrant the preservation, collection, review, or production of the following sources ESI because they are either not reasonably accessible or not likely to contain additional relevant information from other sources whereby the associated burden and costs outweigh any benefit:

1. Data maintained or duplicated in any electronic backup system.
2. Deleted, shadowed, damaged, residual, slack, fragmented, or other data only accessible by forensics and "unallocated" space on hard drives.
3. Data stored in random access memory ("RAM"), temporary files, or other ephemeral data that is difficult to preserve without disabling operating systems.

4. On-line access data such as temporary internet files, history, cache files, cookies, and the like, wherever located.

5. Data stored on photocopiers, scanners and fax machines.

6. Data in metadata fields that are frequently updated automatically, such as last-opened dates.

7. Instant messages such as messages sent on Lync Online, Microsoft Communicator, or any other instant message platform.

8. Server, system or network logs.

9. Logs of calls made from cellular or land-line phones.

10. Legacy data or data remaining from systems no longer in use that is unintelligible on the systems in use.

11. Other forms of ESI whose preservation requires extraordinary affirmative measures that are not utilized in the ordinary course of business.

## XI. Privilege and Privilege Logs

A. The Parties agree that certain privileged communications or documents that post-date the filing of the complaint.

B. The Parties agree that redacted documents do not need to be included on the privilege log.

C. In an effort to avoid unnecessary expense and burden associated with traditional "document by document" privilege logs, the Parties agree that for documents withheld from production on the basis of attorney-client privilege, work product doctrine and/or any other applicable privilege, the Producing Party will prepare a summary log containing for each document (except those exempted above) claimed as privileged, an export of all or a subset of the metadata fields listed below (as agreed upon by the Parties) to the extent such information exists and has not been suppressed or redacted for privilege. The export should include,

at a minimum, the following information from the top line email with each document family reflected in a single entry:
- BEGNO (if not produced) or BEGBATES (if produced)
- ENDNO (if not produced) or ENDBATES (if produced)
- BEGATTACH (if not produced) or BEGBATESATTACH (if produced)
- ENDATTACH (if not produced) or ENDBATESATTACH (if produced)
- NUMBER_OF_ATTACHMENTS
- CUSTODIAN(S)
- FROM
- TO
- CC
- BCC
- SUBJECT
- SENTDATE
- RECEIVEDDATE
- FILENAME
- FILEXT
- DOCTYPE
- AUTHOR
- CREATEDDATE
- HASH (MD5 OR SHA-1)
- REDACTED
- PRIVILEGED PERSON (only provided if not already identified in other metadata fields)
- PRIV_TYPE (e.g., Attorney-Client; Attorney Work Product)

D. The Parties further agree that this summary log satisfies the Producing Party's obligations under Federal Rule of Civil Procedure 26(b)(5).

E. Upon reasonable written request by the Requesting Party identifying by Bates number or other unique identifier each document for which it seeks additional information. within ten (10) days of such a request, the Producing Party must either (i) provide the requested information or (ii) challenge the request. Categorical or wholesale requests are deemed invalid. If a Party challenges a request for further information, the Parties shall meet and confer to try to reach a mutually agreeable solution. If they cannot agree, the Parties must request a conference with the Court before any motions may be filed.

SMRH:4830-0479-8872.1　　Stipulated Order Re: Discovery of Electronically Stored Information

F. Alternatively or in conjunction with the privilege log protocol herein, the Producing Party may prepare and identify withheld documents by category through a categorical log. The categorical log will provide the following fields:
- PARENT/MASTER DATE
- DOCTYPE
- SENDER (FROM/AUTHOR)
- RECIPIENTS (TO, CC, BCC)
- PRIV_DESCRIPTION (e.g., the category)
- PRIV_TYPE (e.g., Attorney-Client; Attorney Work Product)
- DOCS_WITHHELD
- DOCS_WITHHELD_FAMILY-COMPLETE

## XII. Discovery Liaisons

Each Party shall designate one or more individuals as Designated ESI Liaison(s) for purposes of meeting and conferring with the other Parties. The Designated ESI Liaison shall be reasonably prepared to speak about and explain the Party's relevant electronic systems and capabilities and the technical aspects of the manner in which the Party has responded to eDiscovery, including (as appropriate) relevant ESI retrieval technology and search methodology.

## XIII. Third Party Documents

A Party that issues a non-Party subpoena ("Issuing Party") shall include a copy of this Stipulation with the subpoena and state that the Parties to the litigation have requested that third Parties produce documents in accordance with the specifications set forth herein. The Issuing Party shall promptly produce any documents obtained pursuant to a non-Party subpoena to the opposing Party. Nothing in this Stipulation is intended or may be interpreted to narrow, expand, or otherwise affect the rights of the Parties or third Parties to object to a subpoena.

## XIV. Good Faith

The Parties shall make their best efforts to comply with and resolve any differences concerning compliance with this Stipulation. If a Producing Party

cannot comply with any material aspect of this Stipulation, such Party shall inform the Requesting Party as to why compliance with the Stipulation was unreasonable or not possible within fifteen (15) days after so learning. No Party may seek relief from the Court concerning compliance with the Stipulation unless it has conferred with other affected Parties to the action.

**XV. No Effect on Discovery or Admissibility**

This Stipulation does not address, limit, or determine the relevance, discoverability, agreement to produce, or admissibility of ESI. The Parties are not waiving the right to seek any discovery, and the Parties are not waiving any objections to specific discovery requests. Nothing in this Stipulation shall be interpreted to require disclosure of materials that a Party contends are not discoverable or are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege that may be applicable. Nothing in this Stipulation shall be construed to affect the admissibility of any document or data. All objections to the admissibility of any document or data, except as to the authenticity of the documents produced by a Party as to which that Party stipulates, are preserved and may be asserted at any time

**XVI. Authenticity**

A document produced in this litigation shall be presumed to be authentic if offered as evidence against the Party that produced it unless the Party (a) gave notice at the time of production that the authenticity of the document may be challenged, including the reasons for such a challenge; or (b) shows good cause for its failure to give such notice at the time of production. Notwithstanding the foregoing, any Party that produces a document presumed to be authentic may object to the admissibility of such document on other grounds.

When documents produced in accordance with this Stipulation are used in any proceeding herein, including depositions, hearings, or trial, the image copy of documents shall be the copy used. Extracted text files shall not be used in any proceeding as a substitute for the image of any document. This paragraph does not apply to any Federal Rule of Evidence 1006 summary exhibits or summary demonstratives.

## XVII. Stipulated Protective Order

Nothing in this Stipulation shall be deemed to limit, modify, or override any provision of the Stipulated Protective Order.

## XVIII. Rolling Productions

The Parties understand that this Stipulation contemplates rolling productions of documents, and they acknowledge that nothing in this Order waives, restricts, or eliminates the Parties' respective rolling production obligations, the Parties' respective supplementation obligations prescribed in the Federal Rules of Civil Procedure, or the Parties' 502(d) obligations, and other obligations pursuant to the Agreed Confidentiality Order entered in this case.

## XIX. Discovery Deficiency

If the Requesting Party has good cause to believe that the Producing Party's discovery efforts have been deficient, the Parties will meet and confer with the goal of identifying a means by which the Producing Party can provide assurances of the reasonableness of its discovery efforts.

1. As used in this section, "good cause" requires more than mere speculation; the Requesting Party must offer some concrete evidence of a deficiency in the Producing Party's discovery process and explain their reasons for believing that additional efforts are reasonable and proportional.

2. Upon a showing of good cause, the Parties will meet and confer to consider appropriate means to assess the reasonableness of a Producing Party's discovery efforts, or to identify additional production criteria to cure the deficiency.

3. If the Parties are unable to agree upon a means by which the Producing Party can provide assurances of the reasonableness of its discovery efforts, the Parties may submit the dispute to the Court in the form of a joint discovery letter.

**XX. Modification**

This Stipulation may be modified by a Stipulated Order of the Parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: May 29, 2019

UPDIKE, KELLY & SPELLACY, P.C.

By: /s/ *Adam B. Marks*
ADAM B. MARKS
Attorneys for Plaintiff INTELICLEAR, LLC

Dated: May 29, 2019

MORGAN, LEWIS & BOCKIUS, LLP

By: /s/ *Kathryn A. Feiereisel*
KATHRYN A. FEIEREISEL
Attorneys for Defendant ETC GLOBAL HOLDINGS, INC.

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: 5/29/2019

HON. STEVE KIM
U.S. MAGISTRATE JUDGE

-17-

Stipulated Order Re: Discovery of
Electronically Stored Information

SMRH:4830-0479-8872.1

## Local Rule 5-4.3(a)(2)(i) Certification

Pursuant to Local Rule 5-4.3(a)(2)(i), the filer of the document attests that concurrence in the filing of the document has been obtained from each of the other signatories.

          */s/ Adam B. Marks*
          ADAM B. MARKS